William Barney KOONS, Appellant,

v.

STATE of Indiana, Appellee.

No. 82S00–8812–CR–1023.

Supreme Court of Indiana.

Oct. 20, 1989.

David Lamont, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

After having been arrested on two counts of Child Molesting, appellant voluntarily absented himself from the jurisdiction of the court. On Friday before the trial date of Monday, July 14, 1987, the court conferred with counsel and learned that counsel had conferred with appellant on the previous Saturday and that appellant had been observed in the community on Sunday night.

The court found that appellant was well aware of the trial date. After such information was ascertained, the jury was convened on July 14, 1987 with Mr. Lamont present to represent appellant's interests. A jury was chosen and evidence presented in the absence of appellant. Following deliberation, the jury returned verdicts of guilty on both counts of Child Molesting, Class A felonies, and on August 7, 1987 the trial court again, after ascertaining that appellant still remained voluntarily absent from the court's jurisdiction, proceeded *in absentia* to sentence appellant to two consecutive terms of forty (40) years. The court then appointed Mr. Lamont to continue to represent appellant in whatever capacity would be appropriate.

Appellant remained at large and was not returned to the jurisdiction of the court until the 28th of January 1988. However, in the meantime, Mr. Lamont filed a motion to correct error on the 6th of October 1987. On February 9, 1988, following appellant's return to custody within the court's jurisdiction, appellant moved the court to rule on his motion to correct error. The State objected to the motion on the basis appellant was absent during the time period for the filing of the motion to correct error.

On February 19, 1988, the trial court denied appellant's motion to rule on the motion to correct error.

Thereafter, on July 18, 1988, the clerk of the court entered a docket entry, pursuant to Ind.R.Tr.P. 53.3, overruling appellant's motion to correct error. On July 27, 1988, the trial court ordered the clerk's entry expunged from the record. On August 16, 1988, the State moved to dismiss appellant's motion to correct error, which motion was granted by the trial court.

■ Appellant claims the trial court erred in expunging the entry of the Vanderburgh County clerk overruling the motion to correct error, which was entered pursuant to Trial Rule 53.3(E)(2). However, appellant is in error in making this claim. Indiana Rules of Trial Procedure, Rule 53.3 is to be used in those cases where all matters are in their proper time frame and the court's jurisdiction properly invoked but the trial judge has failed to rule on the motion to correct error.

■ This Court adopted the rule to expedite appeals without having to go through the process of either mandating a judge to rule on a motion to correct error or appointing a special judge to so rule. It is not intended by this Court to in any way alter the many-times repeated case law that in criminal cases where a defendant deliberately absents himself from the court's jurisdiction, his time for filing his motion for new trial does not toll, and if such time expires during his voluntary absence, he will be deemed to have waived the privilege of filing the motion. In *Irvin v. State* (1956), 236 Ind. 384, 391, 139 N.E.2d 898, 901, this Court stated:

> "If a prisoner escapes[,] he is not entitled during the period he is a fugitive to any standing in court or to file any plea or ask any consideration from such court."

This same principle of law was reiterated in *Evolga v. State* (1988), Ind., 519 N.E.2d 532.

In *Skolnick v. State* (1981), 275 Ind. 461, 463–64, 417 N.E.2d 1103, 1104 (DeBruler, J., dissenting), this Court stated:

> "Based upon the information from the Porter County Sheriff that Skolnick had fled the Porter Superior Court's jurisdiction, the trial court ordered the clerk to refuse pleadings from Skolnick. The trial court was correct in making such an order. Skolnick's attempt to file his motion to correct errors on September 26, 1975, while absent from the trial court's jurisdiction, was correctly denied. By his continuing absence during the time period designated by Indiana Rule Tr.P. 59(C), Skolnick waived his right to file his motion to correct errors and consequently perfect his appeal for appellate review."

In the case at bar, appellant's voluntary conduct in refusing to submit himself to the jurisdiction of the court has effected a waiver of his right to appeal. The trial court was correct in its refusal to entertain the motion to correct error and in striking the clerk's entry showing the motion to correct error overruled.

The trial court is affirmed.

SHEPARD, C.J., and PIVARNIK, J., concur.

DICKSON, J., concurs in result without separate opinion.

DeBRULER, J., dissents with separate opinion.

DeBRULER, Justice, dissenting.

In this case, appellant was not present at his trial or his sentencing and remained in hiding and beyond the power of the court during the period for filing a motion to correct errors. When under these circumstances, a motion to correct errors is filed in a timely manner by counsel and not ruled upon when the defendant is captured and is returned to the jurisdiction of the court, or indeed when under these circumstances, one is filed in an untimely manner after the defendant is returned to the jurisdiction of the court, evolving standards of decency and justice now require that such motions as may be mandatory preconditions to the exercise of the absolute right to one appeal be freely filed and considered on their merits in the absence of a good

reason not to do so. *Skolnick v. State* (1981), 275 Ind. 461, 464–65, 417 N.E.2d 1103, 1104–05 (DeBruler, J., dissenting). These standards are apparent in the 1970 amendment to the Indiana Constitution, granting to all "an absolute right to one appeal," Ind. Const. art. 7, § 6; apparent in the statute, I.C. 35–50–2–9(h), precluding any waiver at all of the review of the sentence of death, *see Vandiver v. State* (1985), Ind., 480 N.E.2d 910, 911; and apparent in this Court's Post–Conviction Rule 2, permitting belated appeals. No reasonable lawyer or judge would regard the gravity of the crime, persistent claims of innocence, lack of remorse, or conduct in direct contempt of court as being sufficiently good reasons to justify the refusal to hear an appeal. On the other hand, where a defendant voluntarily and with an appreciation of the risk, chooses to represent himself and then fails to comply with legal rules governing his case, most lawyers and judges would agree that he should suffer the adverse legal consequences of that self-representation.

The refusal of the trial court to entertain appellant's motion to correct errors, which motion was timely filed and not ruled upon by the time appellant was returned to the custody of the police and to the jurisdiction of the court, and the approval of that action by the majority of this Court, resulting as it does in the forfeiture of that absolute right to one direct appeal of a criminal conviction, is not supported by any good reason. I therefore would remand to the trial court with instructions to rule on the motion to correct errors and allow appellant to take an appeal from any adverse ruling on that motion.