## In the Matter of the ADOPTION OF BABY BOY DZUROVCAK, an Infant Caucasian Male.

### No. 45A03-9002-CV-53.

Court of Appeals of Indiana, Third District.

July 16, 1990.

Rehearing Denied Aug. 23, 1990.

Debra Lynch Dubovich, Singleton, Levy & Crist, Munster, for appellant.

Gregory W. Brown, Brown & Brown, Merrillville, for appellee.

HOFFMAN, Presiding Judge.

Appellants William and Mona Smith appeal the denial of an adoption petition. The facts indicate that Barbara Dzurovcak gave birth out of wedlock to an infant boy on January 24, 1989. The next day, January 25, 1989, the Smiths filed a petition to adopt the infant boy in Lake Circuit Court. Barbara Dzurovcak consented to the adoption. On January 31, 1989, Terry Vaughan, the putative father of the infant, received notice of the adoption proceedings as required by IND.CODE § 31-3-1-6.1 (1988 Ed.).

On February 9, 1989, Vaughan filed a petition to establish paternity in the Lake Superior Court, Juvenile Division. On February 10, 1989, Vaughan filed a motion to contest the adoption in Lake Circuit Court. On April 7, 1989, the circuit court granted Barbara Dzurovcak's motion to intervene, which stated that if the motion to contest the adoption was granted and the adoption dismissed, she would seek custody of the infant. On May 9, 1989, the Smiths filed a brief arguing that paternity should be adju-

dicated within the adoption proceeding. On July 18, 1989, the circuit court decided that it had jurisdiction to determine paternity incidental to the pending adoption proceeding. On October 10, 1989, the parties filed in circuit court a stipulation agreeing that Vaughan was the natural father of the infant. On October 11, 1989, the circuit court granted Vaughan's motion to contest the adoption, dismissed the Smiths' adoption petition and awarded custody of the infant to Vaughan. The circuit court stayed execution of the judgment pending appeal.

The Smiths contend that Vaughan had no right to veto the adoption based on IND. CODE § 31–3–1–6(a)(2) (1988 Ed.), which reads in part:

> "[A] petition to adopt a child ... may be granted only if written consent to adoption has been executed by:
>
> \*  \*  \*  \*  \*  \*
>
> (2) the father of such a child whose paternity has been established by a court proceeding other than the adoption proceeding...."

There is no evidence in the record presented to this Court showing that Vaughan established paternity in a court proceeding other than the adoption proceeding. Because of this, Vaughan had no right to veto the adoption. If Vaughan can demonstrate that he established paternity in a proceeding other than the adoption proceeding prior to the granting of the adoption petition, he will have the power to veto the adoption. In that case, the circuit court, after hearing evidence as to the best interests of the child and the fitness of a custodial person or persons, should make a custody determination. If Vaughan cannot demonstrate that he established paternity in a proceeding other than the adoption proceeding, the circuit court should decide whether adoption is in the best interests of

the child. *See:* IND.CODE § 31–3–1–6.3(c)(1)(A) (1988 Ed.).

Reversed.

STATON, J., concurs.

BAKER, J., concurs in result with opinion.

BAKER, Judge, concurring.

I concur in the result because I agree with the majority that the case should be remanded to make a custody determination. I respectfully disagree, however, with the majority's reason for doing so.

The majority asserts that the parties' stipulation to paternity does not satisfy the statutory requirement that paternity be established in a proceeding other than the adoption proceeding. When IND.CODE 31–3–1–6 was amended in 1988 to add the language "other than the adoption proceeding," I believe the legislature intended the statute to require a separate proceeding to establish paternity in order to facilitate a separation of the adoption and paternity issues. When a stipulation is entered, however, there is no need to conduct a hearing on the stipulated fact. All the court need do is accept or reject the parties' stipulation. It would be a waste of judicial resources to require Vaughan to interrupt the adoption proceedings to run next door to the juvenile court to establish paternity through stipulation when the circuit court is just as able to accept the stipulation. I believe separate proceedings are required only if the parties intend to present evidence to the court on the issue of paternity.[1]

The record indicates that the trial court gave custody to Vaughan based on an erroneous understanding of the status of the natural mother's consent to the baby's adoption by the proposed adoptive parents. On April 7, 1989, the natural mother filed a

---

1. This case is unique because Lake County's court system vests its superior court with juvenile jurisdiction to decide paternity cases and its circuit court with probate jurisdiction to conduct adoption proceedings. On the other hand, most other courts vest its circuit courts with both probate and juvenile jurisdiction. If the parties in this case were in one of the latter court systems, the same judge would have jurisdiction to conduct the adoption proceedings and to accept the parties' stipulation to paternity. I do not think an exercise in form over substance should dictate a different result in the case before us.

motion to intervene that stated in pertinent part:

    3. That it is necessary for counsel to intervene on behalf of said Barbara L. Dzurovcak in the captioned adoption proceedings in the event that the motion to contest the adoption is granted, the adoption is denied and the issue of custody is to be resolved by the Court as between the alleged natural father of Baby Boy Dzurovcak and the natural mother.

    4. That in the event that the motion to contest the adoption is granted and the adoption is dismissed, Barbara L. Dzurovcak would seek leave of Court to withdraw her consent to the adoption and proceed with the filing of a petition seeking custody of the aforesaid minor child.

*Record* at 28. The trial court granted the motion on April 7, 1989.

Following the hearing held on Vaughan's motion to contest the adoption and dismiss the adoption petition, the trial court made the following finding:

    6. That the natural mother of said infant male child has filed her written consent to the adoption of said child and [has] not requested that said consent be withdrawn.

*Record* at 254. This finding is erroneous because the natural mother did in fact request to withdraw her consent in her motion to intervene and the motion was granted.

The natural mother withdrew her consent to adoption and the natural father, whose paternity was properly established, refused to provide his consent to the adoption. Accordingly, I would remand the proceedings to the trial court for a determination of who, between the two natural parents of the child, is entitled to custody in accordance with the best interests of the child.