**In re M.B.H., Infant Male.**

**Michael H. MILLER and Lisa Ann Heredia, Appellants–Petitioners,**

v.

**John DOE and Jane Doe, Appellees–Intervening Parties.**

**No. 02A04–9004–CV–200.**

Court of Appeals of Indiana, Fourth District.

May 22, 1991.

David J. Avery, Lebamoff Law Offices, Fort Wayne, for appellants–petitioners.

Jack E. Robel, Fort Wayne, for appellees–intervening parties.

Karen E. Richards, Hoffman & Moppert, Fort Wayne, guardian ad litem.

CHEZEM, Judge.

### Case Summary

Petitioners/Appellants, Michael H. Miller (Michael) and Lisa Ann Heredia (Lisa), appeal the trial court's judgment dismissing a paternity action after Intervenors/Appellees, John and Jane Doe (Does), were granted leave to intervene and challenge the finding that Michael was the father of M.B.H., a child subject to an adoption proceeding by the Does. We reverse and remand.

### Issues

I. Whether the juvenile court division of Allen Superior Court erred in finding that the probate division of Allen Superior Court had sole jurisdiction over the proceedings involving M.B.H.?

II. Whether the trial court erred in granting the Motion to Intervene filed by the prospective adoptive parents?

### Facts

On September 28, 1989, a child, M.B.H., was born out of wedlock to Lisa. On October 2, 1989, she voluntarily executed a Consent of the Adoption of M.B.H. by the Does. That same day, the Does filed a Petition for Adoption of M.B.H. along with a Petition for Waiver of Prior Written Approval of Placement. On October 13, 1989, the court granted the Does temporary custody of M.B.H., and they still retain custody.

Subsequently, Lisa sought to withdraw her consent to the adoption. Along with Michael, the alleged biological father, she then filed a Petition to Establish Paternity. The same attorney represented both Lisa and Michael. The Does received no notice of the filing of the paternity action, and the action was filed. On October 25, 1989, Michael appeared by counsel and filed a Motion to Contest the Adoption. The trial court appointed attorney Karen Richards as Guardian Ad Litem to represent the interests of M.B.H. On November 7, 1989, the Allen Superior Court found Michael to be the father based upon the agreement of the parties present at the hearing. On November 14, 1989, Michael sought summary judgment in the adoption proceeding based on the court's finding that he was the father of M.B.H.

The Does filed their Motion to Intervene and sought to vacate the finding of paternity. Both motions were granted and this appeal followed.

### Discussion and Decision

■ We first point out that although the Motion to Vacate was not specifically made under Ind. Trial Rule 60 [1], the rule clearly applies. Therefore, the granting of such a motion for relief is reviewable only for an abuse of discretion. Such abuse occurs when the trial court's judgment is clearly against the logic and effect of the facts and inferences supporting the judgment for relief. *Chelovich v. Ruff & Silvian Agency* (1990), Ind.App., 551 N.E.2d 890, 892.

### I.

■ Michael and Lisa first assert the trial court erred in finding the probate division of the Allen Superior Court had sole jurisdiction of the proceedings and based on that finding, erred in dismissing the proceedings. Notwithstanding their knowl-edge of the pending adoption, Michael and Lisa filed a separate action to establish paternity, without giving notice to the custodial guardians of the child. The Does assert that this was an attempt by Michael and Lisa to stop the adoption proceedings by having the Allen Superior Court make a finding of paternity without notice to the Does. The trial court found that the antecedent filing of the adoption proceedings in another court gave jurisdiction to that court on all issues relating to the child. However, I.C. 31–6–2–1.1 specifically provides:

(a) A juvenile court has *exclusive* original jurisdiction, except as provided in section 1.5 of this chapter, in the following:

.    .    .    .    .

(3) Proceedings concerning the paternity of a child. [Emphasis supplied].

Accordingly, we find that these are two separate proceedings, and remand to the trial court with instructions to reinstate the paternity action. *See P.B. v. T.D.* (1987), Ind.App., 504 N.E.2d 1042, *reh. granted* on issue of attorney's fees (no other court has jurisdiction to entertain any proceeding which conflicts with the exclusive jurisdiction vested in the juvenile court by commencement of a proceeding under I.C. 31–6–2–1). The Does may intervene and request that the court order a blood test be taken in order to preclude fraud upon the court.

■ I.C. § 31–3–1–6 allows Michael to demonstrate that he has established paternity in another action and use that finding to veto the adoption. *See, Matter of the Adoption of Baby Boy Dzurovcak* (1990), Ind.App., 556 N.E.2d 951, 952. However, as previously stated, the paternity and adoption proceedings here are two separate proceedings, and he must clearly have established paternity before intervening in the adoption proceedings. At the Novem-

---

1. **Trial Rule 60. RELIEF FROM JUDGMENT OR ORDER.**

... (B) On motion and upon such terms as are just the court may relieve a party or his legal representative from an entry of default, final order, or final judgment, including judgment by default, for the following reasons:

(1) Mistake, surprise, or excusable neglect;

...

(7) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application;

(8) any reason justifying relief from the operation of the judgment other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4).

ber 7, 1989 hearing on the paternity action, Lisa apparently stipulated that Michael was the father of the child. Lisa no longer had standing to stipulate as to paternity nor did she have standing to join in the paternity action. Upon execution of the Consent to Adoption, Lisa terminated her rights as the mother of the child. One of those rights was the ability to consent to or stipulate that a certain person was or was not the biological father in a paternity action. In sum, Lisa has no standing to participate in the paternity proceeding because she has terminated her parental rights.

## II.

Lisa and Michael also assert that the trial court erred in granting the Does' Motion to Intervene. However, at oral argument, Lisa and Michael stipulated to permitting the Doe's intervention; therefore, no discussion of this issue is needed.

We remand for proceedings consistent with this opinion.

MILLER and BAKER, JJ., concur.

