In the Matter of the ADOPTION OF BABY BOY DZUROVCAK, Former Prospective Adoptive Parents, Appellants–Petitioners,

v.

Terry VAUGHAN, Appellee–Respondent.

No. 56A04–9403–JV–00081.

Court of Appeals of Indiana.

May 22, 1995.

Transfer Denied Oct. 4, 1995.

Debra Lynch Dubovich, Levy & Dubovich, Highland, for appellants.

Gregory W. Brown, Brown & Brown, Merrillville, for appellee.

## OPINION

HOFFMAN, Judge.

In January 1994, the trial court entered an order awarding permanent custody of Baby Boy Dzurovcak (B.B.D) to his natural father, Terry Vaughan. Former prospective adoptive parents, M.S. and W.S., brought this appeal. This appeal marks the third time that lower court proceedings in the cause have been presented for review. *See Matter of Adoption of Baby Boy Dzurovcak* (1990), Ind.App., 556 N.E.2d 951, Baker, J., concurring; *In re Adoption of Dzurovcak* (1992), Ind.App., 600 N.E.2d 143.

In April 1994, a request for a stay of execution of the judgment pending the appeal was denied by this Court. Sometime between April 24, 1994 and April 27, 1994, M.S. absconded with B.B.D. In May 1994, contempt orders and a bench warrant were issued by the trial court. Although motions and appellate briefs continued to be filed on behalf of M.S. and W.S., there is no indication that M.S. has returned with B.B.D. or that anyone knows their whereabouts.

It has been held that an appellant's voluntary absence from the court's jurisdiction results in waiver of the right to appeal. *See Koons v. State* (1989), Ind., 545 N.E.2d 826, 827; *Irvin v. State* (1957), 236 Ind. 384, 139 N.E.2d 898. An appellant has no standing to request benefits or rights while holding herself beyond the jurisdiction of the courts. *Id. Koons*, 545 N.E.2d at 827; *Irvin*, 236 Ind. at 387–389, 139 N.E.2d at 899–900. Presumably M.S. would return only if she receives relief from the order from which she fled and refused to obey. Courts do not "bargain" with appellants in this manner. M.S. has waived her appellate rights.

There is no evidence in the record that W.S. aided, abetted or knew of M.S.'s intention to abscond with B.B.D. However W.S. has made no effort to sever his claim from that made by M.S. That M.S. has waived

her appellate rights has a direct impact upon W.S. He has no claim separate from M.S.; thus, his appellate rights are likewise extinguished.

Moreover, causing the natural father further expense to continue litigating a determination favorable to him, while he can expect no benefit because of the actions of M.S. in absconding with the child, is unconscionable. The appeal is dismissed.

FRIEDLANDER, J., concurs.

STATON, J., dissents with opinion.

STATON, Judge, dissenting.

I dissent. The unusual factual posture of this case renders the rationale of *Koons v. State* (1989), Ind., 545 N.E.2d 826, 827 and *Irvin v. State* (1957), 236 Ind. 384, 139 N.E.2d 898, *reh. denied*, 353 U.S. 948, 77 S.Ct. 827, 1 L.Ed.2d 857, wholly inapposite. In both cases, the rights of a single criminal defendant were at stake, rather than the rights of two civil appellants and the welfare of a child. By dismissing this appeal, W.S., who remains in the jurisdiction, is being stripped of his right to appeal the judgment of the trial court. Moreover, the best interests of B.B.D., which should be of paramount importance, are being wholly ignored. In essence, W.S. and B.B.D. are being punished for the unlawful conduct of M.S.

The Majority briefly addresses the issue of W.S.'s right to appeal, concluding that because W.S. made no effort to sever his claim from M.S., he has no claim separate from hers and his appellate rights are also extinguished by her absence. However, the cases cited by the Majority lend no support to the notion that when M.S. absconded, W.S. was required to sever his appellate rights in order to preserve them. In fact, these unusual circumstances have not been addressed by Indiana courts.

The rationale in *Frum v. Little Calumet River Basin Development Company* (1987), Ind.App., 506 N.E.2d 492, 495, *reh. denied*, is instructive. In *Frum*, the appellant filed a motion to correct errors prior to appealing an appropriation order entered in an eminent

domain proceeding. Although the proper procedure was to file an assignment of errors, this court concluded that it would entertain the appeal because the current state of the law was confusing and unclear as to the correct procedure. In so doing, the court stated:

> We find that the uncertainty and understandable confusion existing as to the appropriate procedure to be employed in perfecting an appeal from the court's order.... constitutes a sufficiently extraordinary circumstance that this court should invoke its inherent discretionary power to entertain the appeal.

*Id.* at 495 (citing *Lugar v. State ex rel Lee* (1978), 270 Ind. 45, 383 N.E.2d 287; *Costanzi v. Ryan* (1977), 174 Ind.App. 454, 368 N.E.2d 12).

In the instant case, the law is understandably uncertain because our courts have never addressed this issue. Neither our statutes nor our procedural rules put W.S. on notice that his appellate rights were subject to forfeiture due to M.S.'s conduct, nor does any rule provide for severance of his claim from hers. These circumstances are sufficiently extraordinary to mandate a hearing on the merits of this appeal. This conclusion is in accord with the longstanding presumption that the merits of an appeal should be heard whenever possible. *T.M. v. D.T.* (1989), Ind., 547 N.E.2d 838, 839.

In the two prior appeals of this case, our court has remanded to the trial court for consideration of the best interests of the child. *In re the Matter of Baby Boy Dzurovcak* (1992), Ind.App., 600 N.E.2d 143, *trans. denied; In re the Matter of Baby Boy Dzurovcak* (1990), Ind.App., 556 N.E.2d 951, *reh. denied.* It is well settled that in adoption proceedings, our courts must balance the interests of the natural parents, the adoptive parents and the child, but that in weighing this balance, *the best interests of the child rules supreme.* *Matter of Hewitt* (1979), Ind.App., 396 N.E.2d 938 (emphasis added). This court's role on appeal is to determine whether the evidence supports the findings of the trial court that it is in B.B.D.'s best interests to reside with his natural father. Dismissal of this case ignores our standard of review by eliminating the child's best interest from our inquiry.

Unless this court addresses the merits of this appeal, we deprive W.S. of his day in court and disregard the best interests of B.B.D. I would allow W.S. to appeal.