William B. KOONS, Appellant–
Petitioner,

v.

STATE of Indiana, Appellee–
Respondent.

No. 82A04–0110–PC–438.

Court of Appeals of Indiana.

July 17, 2002.

William B. Koons, Appellant Pro Se.

Steve Carter, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

FRIEDLANDER, Judge.

William B. Koons[1] appeals the denial of his petition for post-conviction relief (PCR), by which he challenged his two convictions for child molesting,[2] both class A felonies. Koons presents the following consolidated, restated issues for review:

1. Did the State provide sufficient evidence to support the conclusion that Koons threatened the use of deadly force to facilitate the crime of child molesting?

2. Did the post-conviction court err in concluding that Koons was properly tried *in absentia?*

3. Did Koons receive ineffective assistance of counsel?

We affirm.

The facts reveal that in July of 1982, Koons began babysitting for nine-year-old A.R. On the first day that Koons babysat for A.R., Koons pulled down his own pants exposing himself, and then ordered A.R. to pull down his pants. When A.R. refused, Koons waved his belt around and threatened to hit A.R. if he did not comply. When Koons placed his mouth on A.R.'s penis, A.R. tried to get up, but Koons struck him with the belt. Koons performed oral sex on A.R. Later that day, Koons threatened to kill A.R., and told A.R. that if he told anyone about what happened, Koons would take A.R. somewhere where he could not see his parents or anybody again.

The next day, Koons babysat for A.R. again. Koons performed oral sex on A.R. again and made A.R. perform oral sex on him. A.R. was afraid Koons would harm him or even murder him if he did not do what Koons wanted him to do. During the remainder of the summer, Koons engaged in sexual activity with A.R. "almost every day," including oral and anal sex. A.R. remained fearful that Koons might murder him. Koons continued to engage in sexual activity with A.R. regularly for several years. A.R. finally told his parents about the molestations in 1985.

The State charged Koons with two counts of class A felony child molestation. Koons was in court on April 22, 1987, when his trial date was set for July 13, 1987. On July 10, 1987, Koons's counsel spoke to him, and Koons indicated that he would be present for his trial on July 13, 1987. On July 11, 1987, Koons's ex-wife spoke to him, and Koons indicated that he was aware that his trial started on July 13, 1987. Koons, however, failed to appear for trial on the scheduled date, and the trial court determined that Koons was aware of his trial date and was voluntarily exercising his right not to be present at the trial. Koons was tried *in absentia* and convicted by the jury as charged. Koons was still absent from the jurisdiction on August 7,

---

**1.** Throughout his appellate briefs, Koons refers to himself as "William B. Koons." We note, however, that he is also referred to in various court documents as "Barney W. Koons." *See generally Appellant's Appendix.*

**2.** Ind.Code Ann. § 35–42–4–3(a) (West, PREMISE through 2001 1st Reg. Sess.).

1987, when the trial court imposed consecutive forty-year sentences on each count.

Although Koons's counsel filed a motion to correct errors on October 6, 1987, Koons remained absent from the jurisdiction until January 28, 1988. On February 9, 1988, following Koons's return to custody within the court's jurisdiction, Koons filed a motion requesting that the court rule on his motion to correct error. The State objected to the motion on the basis that Koons was absent during the time period for filing of the motion to correct error. On February 19, 1988, the trial court denied Koons's motion to rule on the motion to correct error.

On July 18, 1988, the clerk of the court entered a docket entry pursuant to Ind. Trial Rule 53.3 denying the motion to correct errors. The trial court ordered the entry expunged, and on August 16, 1988, the trial court granted the State's motion to dismiss the motion to correct errors. Koons appealed the expungement and subsequent dismissal of his motion to correct errors, but the Indiana Supreme Court affirmed, holding that Koons had waived his right of appeal by his continued absence from the jurisdiction during the period for filing a motion to correct errors. *See Koons v. State,* 545 N.E.2d 826 (Ind. 1989).

On October 6, 2000, Koons filed a second amended PCR petition. In it, Koons claimed, among other things, that the evidence was insufficient to support his convictions, that he was improperly tried *in absentia,* and that he received ineffective assistance of trial counsel. After conducting an evidentiary hearing, the post-conviction court denied Koons's petition.

Post-conviction proceedings do not afford defendants the opportunity for a "super-appeal." *Badelle v. State,* 754 N.E.2d 510 (Ind.Ct.App.2001), *trans. denied.* As such, post-conviction appeals do not substi-

tute for direct appeals but provide a narrow remedy for subsequent collateral challenges to convictions. *Id.* Moreover, when our supreme court decides an issue on direct appeal, the doctrine of res judicata generally applies, thereby precluding its review in post-conviction proceedings. *Id.*

A PCR petition filed pursuant to Indiana Post–Conviction Rule 1 is a quasi-civil remedy. Therefore, the petitioner must prove by a preponderance of the evidence that he or she is entitled to relief. Ind. P–C.R. 1(5); *Moody v. State,* 749 N.E.2d 65 (Ind.Ct.App.2001), *trans. denied.* When reviewing the denial of a PCR petition, we will neither reweigh the evidence nor judge witness credibility. *Moody v. State,* 749 N.E.2d 65. In order to prevail on appeal, "the petitioner must show that the evidence is without conflict and leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court." *Id.* at 67.

1.

■ Koons contends that his convictions for child molesting should be reduced from class A felonies to class B felonies because of the absence of evidence that he used or threatened to use deadly force. Koons's challenge to the sufficiency of the evidence was not asserted on direct appeal. Generally, allegations of errors not raised on direct appeal are considered waived for purposes of post-conviction relief. *Green v. State,* 525 N.E.2d 1260 (Ind.Ct.App. 1988), *trans. denied.* However, a conviction without sufficient evidence constitutes fundamental error, and fundamental error may be raised in a post-conviction proceeding, within the rules of post-conviction procedure. *Id.* Here, we choose to address Koons's sufficiency of the evidence arguments.

Forcing a child under fourteen years of age to perform or submit to sexual inter-

course or deviate sexual conduct is a class B felony, but the offense is elevated to a class A felony level if it is committed "by using or threatening the use of deadly force, or while armed with a deadly weapon". IC § 35–42–4–3(a). Deadly force is "force that creates a substantial risk of serious bodily injury." Ind.Code Ann. § 35–41–1–7 (West 1998). Serious bodily injury is further defined as "bodily injury that creates a substantial risk of death or that causes serious permanent disfigurement, unconsciousness, extreme pain, permanent or protracted loss or impairment of the function of a bodily member or organ, or loss of a fetus." IC § 35–41–1–25 (West, PREMISE through 2001 1st Reg. Sess.).

■ There appears to be no case in Indiana addressing whether the conduct at issue here, threatening the use of a belt to hit a nine-year-old child, constitutes threat of use of "deadly force" under IC § 35–42–4–3(a)(2). Whether Koons's actions constituted a threat of use of deadly force is a question of fact for the jury to determine based on the circumstances of the specific case. In determining whether there was sufficient threat of use of deadly force, we look to the risk of serious bodily injury under the factual circumstances of the case.

■ Here, A.R. testified that when he refused to pull his pants down, Koons waved his belt around and threatened to hit A.R. with the belt if he did not comply. Koons then proceeded to perform oral sex on A.R., and when A.R. attempted to get up, Koons struck him with the belt. Striking a nine-year-old with a belt has the potential of causing serious permanent disfigurement, unconsciousness, or at the very least, extreme pain. Furthermore, we have previously held that it is not necessary to exert the deadly force, rather it is "sufficient if the threat of deadly force

is imminent enough to cause the victim to submit to the aggressor." *Pennington v. State*, 523 N.E.2d 414, 415–16 (Ind.1988). A jury could have reasonably concluded that Koons's waving of the belt and threatening to strike A.R. was imminent enough to cause A.R. to submit to Koons. We conclude that such conduct presented a risk of serious bodily injury sufficient to constitute deadly force.

■ Koons also argues that his threats to take A.R. somewhere where he would never "see [his] parents or anybody again" did not facilitate the offense. *Appellant's Appendix* at 197–98. Rather, he maintains that the threats were used to cover up an offense that had previously occurred. As such, he contends that the State failed to prove a threat of use of deadly force sufficient to elevate his offense to a class A felony.

We are cognizant of the requirement that the threat must "facilitate the offense, not its coverup [sic]." *Spurlock v. State*, 675 N.E.2d 312, 316 (Ind.1996). Contrary to Koons's contention, however, his threats were used to facilitate the offense. After causing A.R. to submit to deviate sexual conduct on the first day that Koons babysat for A.R., Koons threatened to take A.R. somewhere where he could not see his parents or anybody again if he told anyone about what had happened. The next day, Koons performed oral sex on A.R. again and made A.R. perform oral sex on him. Subsequently, Koons engaged in oral and anal sex with A.R. almost every day for the remainder of the summer and on a regular basis for several years following the summer of 1982. A.R. testified that he was afraid Koons would harm him or even murder him if he did not submit to Koons's requests. A jury could have reasonably concluded that Koons's threat on the first day facilitated his subsequent molestation of A.R. This is distinguishable

from the facts of *Spurlock v. State,* where the defendant threatened to kill the victim if she told anyone about an isolated instance of molestation.

Because the evidence does not lead unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court, we affirm the denial of relief.

2.

■■■ A defendant in a criminal proceeding has a right to be present at all stages of his or her trial under the Sixth Amendment of the United States Constitution and under Art. 1, Sec. 13 of the Indiana Constitution. *Lampkins v. State,* 682 N.E.2d 1268 (Ind.1997). It is clear in Indiana, however, that a defendant may waive this right and be tried *in absentia* if the trial court determines that the defendant knowingly and voluntarily waived that right. *Id.*

While Koons recognizes the law in Indiana permitting trial courts to hold a trial *in absentia* when it is evident that a criminal defendant is knowingly and voluntarily absent, he contends that "this rule is antiquated, wrong and needs to be reconsidered." Appellant's Brief at 12. Specifically, he argues that reconsideration is warranted in light of *Crosby v. United States,* 506 U.S. 255, 113 S.Ct. 748, 122 L.Ed.2d 25 (1993).

In *Crosby,* the United States Supreme Court held that a defendant's failure to appear for any part of his trial did not constitute a valid waiver of his right to be present under Federal Rule of Criminal Procedure 43.[3] *Id.* The Supreme Court specifically declined to address the defendant's claim that his trial *in absentia* was also prohibited by the Constitution. We are unable to find any comparable criminal procedure rule in Indiana requiring a defendant's presence at trial, and Koons does not direct us to any such authority. As such, we conclude that Koons fails to present a valid argument for overturning our longstanding rule in Indiana permitting trial courts to hold a trial *in absentia* when a criminal defendant's absence evidences a knowing and voluntary absence. The post-conviction court did not err in concluding that Koons was properly tried *in absentia.*

3.

■ Koons argues that trial counsel rendered ineffective assistance. First, he maintains that he was denied effective assistance because counsel's statement that "Regardless of what you say at trial, you are going to be convicted and receive the maximum sentence possible", *Appellant's Appendix* at 50, is tantamount to an endorsement to flee the jurisdiction. Koons also argues that counsel was ineffective for failing to appeal the trial court's decision to continue with Koons's trial *in absentia* on direct appeal. Consequently, Koons requests that this court reverse the post-conviction court's denial of relief.

■ The Sixth Amendment to the United States Constitution guarantees the defendant the right to effective assistance of counsel. *Strickland v. Washington,* 466

**3.** Federal Rule of Criminal Procedure 43 provides in relevant part:

    (a) PRESENCE REQUIRED. The defendant shall be present at the arraignment, at the time of the plea, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule.

    (b) CONTINUED PRESENCE NOT REQUIRED. The further progress of the trial to and including the return of the verdict shall not be prevented and the defendant shall be considered to have waived the right to be present whenever a defendant, initially present,

    (1) is voluntarily absent after the trial has commence....

U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). When considering a claim of ineffective assistance of counsel, we apply the following standard of review:

A defendant claiming a violation of the right to effective assistance of counsel must establish the two components set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the defendant must show that counsel's performance was deficient. This requires a showing that counsel's representation fell below an objective standard of reasonableness, and that the errors were so serious that they resulted in a denial of the right to counsel guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. To establish prejudice, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

*Timberlake v. State,* 753 N.E.2d 591, 603 (Ind.2001) (some citations omitted).

We are unable to conclude that trial counsel's statement rises to the level of advising his client to flee. At most, the statement expressed counsel's opinion regarding Koons's chances of success at trial, or counsel's predictions as to the ultimate outcome of the trial. It is difficult to accept that Koons could reasonably have interpreted the statement as an endorsement from his attorney to flee. Thus, counsel's conduct does not fall below the standard required in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.

▪ Furthermore, we conclude that Koons waived the claim that counsel's failure to object on direct appeal to the trial court's decision to continue with Koons's trial *in absentia* constituted ineffective as-

sistance. Koons argued in his PCR petition that trial counsel "failed to object and vigorously pursue trial court's abuse of discretion in allowing Petitioner's trial to continue *in absentia*" given the United States Supreme Court decision *Crosby v. United States.* The petition failed, however, to argue that trial counsel, also representing Koons on direct appeal, provided ineffective assistance in not pursing the issue on direct appeal. At the post-conviction hearing, the court specifically questioned counsel in this regard:

COURT: My question is how can the defendant allege that his appellate counsel was insufficient when he had no right to appeal?

DEFENSE: Okay. He didn't allege appellate counsel. We're not alleging that appellate counsel ...

COURT: You're not alleging that?

DEFENSE: No.

COURT: Okay.

DEFENSE: I was using this case as an analogy.

COURT: That's fine. So you're only alleging insufficiency of counsel at trial?

DEFENSE: Correct.

COURT: Not on appeal.

*Transcript* at 27–28. Koons now alleges on appeal of the denial of his petition for PCR that he was prejudiced by appellate counsel's failure to argue the trial court erred in holding his trial *in absentia.*

▪ Issues not raised in the petition for post-conviction relief may not be raised for the first time on post-conviction appeal. Ind. P–C.R. 1(8); *Allen v. State,* 749 N.E.2d 1158 (Ind.2001), *cert denied.* The failure to raise an alleged error in the petition waives the right to raise that issue on appeal. *Badelle v. State,* 754 N.E.2d 510. Because Koons failed to raise this

issue before the post-conviction court, the argument is waived.

Waiver notwithstanding, Koons fails to establish that he was prejudiced by counsel's failure to raise the issue on direct appeal. He has not demonstrated that, if counsel had pursued the issue on direct appeal, the Supreme Court would have reversed the convictions and remanded the cause for trial. To the contrary, the evidence indicates that Koons voluntarily, knowingly, and intelligently waived his right to be present at trial.

When establishing ineffective assistance of counsel, we "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland v. Washington,* 466 U.S. at 697, 104 S.Ct. 2052. The United States Supreme Court has instructed that "if it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id.* Similarly, it is not necessary to address both components of the standard "if the defendant makes an insufficient showing on one" of them. *Id.* Because Koons has failed to satisfy the prejudice element of *Strickland,* we conclude that the post-conviction court did not err in denying his petition for PCR.

Judgment affirmed.

BROOK, C.J., and SHARPNACK, J., concur.