**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT PRO SE:

**KEVIN L. GOVAN**
Pendleton, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL M. SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| KEVIN L. GOVAN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A05-1111-CR-663 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Frances C. Gull, Judge
Cause No. 02D04-0411-FB-196

**June 22, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Kevin Govan appeals the denial of his motion to correct erroneous sentence. We affirm.

## FACTS AND PROCEDURAL HISTORY

On June 24, 2005, the trial court sentenced Govan to an aggregate sentence of forty years after a jury determined he committed Class B felony unlawful possession of a firearm by a serious violent felon,[1] Class D felony theft,[2] and two counts of Class B felony criminal confinement.[3] Govan appealed, and we affirmed his convictions. *Govan v. State*, 02A04-0510-CR-577 (Ind. Ct. App. April 20, 2006), *trans. denied*.

On October 31, 2011, Govan filed a motion to correct erroneous sentence. On November 2, the trial court denied his motion without a hearing.

## DISCUSSION AND DECISION

A motion to correct erroneous sentence may be filed to address a sentence that is "erroneous on its face." *Robinson v. State*, 805 N.E.2d 783, 786 (Ind. 2004). Claims that require consideration of the proceedings before, during, or after the trial may not be presented in a motion to correct erroneous sentence. *Id*. at 787. Such claims are best addressed on direct appeal or as part of a petition for post-conviction relief if applicable. *Id*. A trial court's ruling on a motion to correct an erroneous sentence is subject to normal appellate procedures. *Id*. at 786.

---

[1] Ind. Code § 35-47-4-7.
[2] Ind. Code § 35-43-4-2.
[3] Ind. Code § 35-42-3-3.

2

Govan alleged his sentence was erroneous on its face because:

a.   The consecutive sentences of the two (2) criminal confinements violated Govan's 5th Amendment Federal Constitutional right which protects against multiple punishments for the same offense.

b.   The trial courts [sic] imposition of consecutive sentences resulting in an aggregate 40 year sentence of [sic] the two (2) criminal confinements violation [sic] I.C. § 35-50-1-2(c) (1995 Supp.) which provides that except for crimes of violence, the maximum term of consecutive sentences arising from the same episode of criminal conduct shall not exceed the presumption [sic] (advisory) sentence for the next higher class of felony for which the person has been convicted.

(App. at 38-9.)  On appeal, Govan presents four issues:

A.   Whether the consecutive sentences of the two criminal confinements violate Govan's 5th amendment Federal Constitutional, and Indiana Constitution Art.1 § 14, right against double jeopardy, which both protects against multiple punishment for the same offense?

B.   Whether the trial court's imposition of consecutive sentences resulting in an aggregate 40 year sentence of the two criminal confinements violate [sic] Indiana Code § 35-50-1-2(c) (1995 Supp.) which provides that: [sic] except for "crimes of violence," the maximum term of consecutive sentencing arising from the same episode of criminal conduct shall not exceed the presumptive sentence for the next higher class of felony for which the person has been convicted, and the enhancement of I.C. § 35-50-2-11 was improperly attached?

C.   Whether the trial court considered improper aggravator's [sic] for purposes of consecutive sentencing, and over looked mitigator's [sic] that is [sic] apart [sic] of the record?

D.   Whether Govan's sentence is inappropriate in light of the nature of the offense and the character of the offender?

(Br. of Appellant at 1.)

We note Govan appears *pro se*. *Pro se* litigants are held to the same standards as

licensed attorneys, and are required to follow procedural rules.  *Evans v. State*, 809 N.E.2d

338, 344 (Ind. Ct. App. 2004), *trans. denied*.  Govan did not present his arguments regarding

the handgun enhancement pursuant to Ind. Code § 35-50-2-11, the aggravators and mitigators used to determine his sentence, and the appropriateness of his sentence to the trial court in his motion to correct erroneous sentence. An issue may not be raised for the first time on appeal. *Koons v. State*, 771 N.E.2d 685, 691 (Ind. Ct. App. 2001), *trans. denied*. He therefore has waived those arguments.

The only issue remaining is the imposition of consecutive sentences for Govan's two convictions of criminal confinement. Govan argues the consecutive sentences subject him to double jeopardy. In his brief, Govan supports his argument with reference to the charging information and the evidence used to convict him, which are both part of the proceedings before and during trial. *See* Ind. Code § 35-34-1-1 ("all prosecutions of crimes shall be instituted by the filing of an information"); *see also* Ind. Code § 35-37-2-2 (listing the presentation of evidence as part of the trial proceedings). Because a motion to correct erroneous sentence may be utilized only to correct a sentence flawed in a way that does not require consideration of the proceedings before, during, or after trial, we may not review Govan's arguments pursuant to a motion to correct erroneous sentence. *See Robinson*, 805 N.E.2d at 786 (overruling earlier decision to allow defendant to present argument regarding double jeopardy as part of motion to correct erroneous sentence). Accordingly, we affirm the denial of his motion to correct erroneous sentence.

Affirmed.

FRIEDLANDER, J., and BARNES, J., concur.

4