**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT PRO SE:

**SHELDON C. McAULEY**
Westville Correctional Facility
Westville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JODI KATHRYN STEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| SHELDON C. McAULEY, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 02A03-1302-PC-50 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable John F. Surbeck, Jr., Judge
Cause No. 02D06-1108-PC-101

**August 13, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

Sheldon C. McAuley appeals the denial of his petition for post-conviction relief ("PCR"). We conclude that he waived his arguments on appeal because he failed to make them to the post-conviction ("PC") court. Therefore, we affirm.

In October of 2010, a jury found McAuley guilty of class C felony battery, class D felony residential entry, and class A misdemeanor interference with the reporting of a crime. The trial court found that McAuley's criminal history and his failure to respond to rehabilitation efforts were aggravating circumstances, that there were no mitigating circumstances, and sentenced McAuley to an aggregate term of eight years. On direct appeal, we rejected McAuley's challenge to the sufficiency of the evidence and affirmed his convictions. *McAuley v. State*, No. 02A03-1011-CR-646 (Ind. Ct. App. July 14, 2011).

McAuley, pro se, filed a PCR petition, claiming that appellate counsel provided ineffective assistance by failing to adequately present the issue that the investigating officer's testimony as to the victim's statements the night of the incident was inadmissible hearsay. Specifically, he asserted that the investigating officer's testimony was inadmissible because it contained "multiple hearsay," that is, "hearsay within hearsay." Appellant's App. at 64-65. McAuley conceded that the primary statements made by the victim to the investigating officer were admissible as excited utterances pursuant to Indiana Evidence Rule 803(2). *Id*. at 94, 96. McAuley also claimed that appellate counsel was ineffective in failing to raise the issue that "based on the gravity, nature, and number of prior offenses," his criminal record did not justify his eight-year sentence for class C felony battery and the trial court erred in not finding mitigating circumstances. *Id*. at 123, 126, 128-29, 154-55. The PC court issued

2

findings of fact and conclusions of law, concluding that McAuley's appellate counsel had not provided ineffective assistance and denying McAuley's PCR petition.

McAuley appeals the PC court's rejection of his claim that appellate counsel provided ineffective assistance in failing to adequately present the issue that the investigating officer's testimony was inadmissible hearsay.[1] In his appellant's brief, McAuley contends that appellate counsel failed to adequately argue that the investigating officer's testimony regarding the victim's statements was not admissible as an excited utterance pursuant to Indiana Evidence Rule 803(2).[2] Appellant's Br. at 40-48. However, this is not the argument McAuley presented to the PC court. In his PCR petition, McAuley asserted that appellate counsel failed to argue that the investigating officer's testimony was inadmissible because it was "hearsay within hearsay." Appellant's App. at 65. In fact, McAuley *conceded* in his PCR petition that the victim's statements to the investigating officer on the night of the

---

[1] McAuley claims that the PC court failed to provide findings of fact and conclusions of law on appellate counsel's failure to adequately present the inadmissible hearsay issue. We disagree. The PC court's findings 6 and 9 and conclusions 2 and 3 address this claim. Appellant's App. at 9-10, 11, 13-15.

McAuley also contends that because the State did not respond to specific paragraphs in his affidavit in support of his PCR petition, the PC court was required to accept these paragraphs as true and, when accepted as true, they conclusively establish his claim. Some of the uncontested paragraphs are statements concerning the ultimate issues to be decided by the PC court and therefore were not facts of which McAuley could have personal knowledge. Some uncontested paragraphs simply contain quotations from parts of the record, but they do not establish McAuley's claim. In sum, McAuley's contention is meritless.

[2] "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted," and is generally inadmissible. Ind. Evidence Rules 801 and 802. However, "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition" is not excluded by the hearsay rule. Ind. Evidence Rule 803(2).

incident were admissible as excited utterances.[3]  Because McAuley failed to present the argument he makes on appeal to the PC court, he has waived it for our review. *See Walker v. State*, 843 N.E.2d 50, 58 n.2 (Ind. Ct. App. 2006) ("Issues not raised in the petition for post-conviction relief may not be raised for the first time on post-conviction appeal."), *trans. denied*, *cert. denied* (2007); *Koons v. State*, 771 N.E.2d 685, 691 (Ind. Ct. App. 2002) ("The failure to raise an alleged error in the petition waives the right to raise that issue on appeal."), *trans. denied*.

McAuley also argues that his appellate counsel provided ineffective assistance in failing to raise the issue that pursuant to Indiana Appellate Rule 7(B), McAuley's sentence was inappropriate in light of the nature of the offenses and his character.[4]  This is not the same argument that he presented in his PCR petition.  Although he cited Indiana Appellate Rule 7(B) in his PCR petition, he did not base his inappropriateness argument on the nature of his offenses and his character.  Rather, the thrust of the argument in his PCR petition was that the trial court erred in assigning too much aggravating weight to his criminal history and

---

[3] In his affidavit in support of his PCR petition, McAuley also asserted that the investigating officer's testimony was inadmissible hearsay within hearsay and conceded that the victim's statements to the officer were admissible as excited utterances.  Appellant's App. at 416-18.

[4] Indiana Appellate Rule 7(B) states, "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."

4

in not finding mitigating circumstances.[5] As such, McAuley has waived this argument. *See*

*Walker*, 843 N.E.2d at 58 n.2. Accordingly, we affirm the denial of McAuley's PC petition.

Affirmed.

KIRSCH, J., and VAIDIK, J., concur.

---

[5] "Our Supreme Court has previously explained that under our advisory sentencing scheme, trial courts no longer have any obligation to weigh aggravating and mitigating factors against each other when imposing a sentence. Therefore, the weight the trial court gives to any aggravating circumstances is not subject to appellate review." *Ramon v. State*, 888 N.E.2d 244, 255 (Ind. Ct. App. 2008) (citing *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218).