**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Aug 11 2014, 10:42 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT, PRO SE:

**JAMES MANTZ**
New Castle, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**J.T. WHITEHEAD**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JAMES MANTZ, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1304-CR-200 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Grant W. Hawkins, Judge
Cause No. 49G05-0201-PC-20467

**August 11, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**PYLE, Judge**

James Mantz ("Mantz") appeals the post-conviction court's denial of his motion for a ruling on his motion for immediate discharge from unlawful imprisonment. Mantz filed a petition for post-conviction relief challenging his conviction for Class A felony criminal deviate conduct, to which he pled guilty. In his petition, Mantz challenged multiple alleged procedural errors in his criminal case. He then filed a motion for immediate discharge from unlawful imprisonment ("motion for discharge") in which he requested the court to incorporate an additional argument into his petition for post-conviction relief by interlineation. This additional argument was that, because there were no transcripts available for certain dates during his criminal case, there was no evidence that the trial court read him his charges and apprised him of his rights. Therefore, according to Mantz, he should be discharged because his imprisonment was unlawful. The post-conviction court denied Mantz's motion, and he did nothing to appeal the post-conviction court's order. Several months later, Mantz filed the current motion for a ruling ("motion for a ruling") on the motion for discharge that the post-conviction court had already denied. The post-conviction court then denied this subsequent motion for a ruling, which Mantz now appeals.

On appeal, Mantz raises a new argument not contained in his motion or petition for post-conviction relief. Specifically, he argues that, because the post-conviction court did not hold hearings on certain dates in his underlying criminal case, the trial court never acquired jurisdiction over him, and his imprisonment was thus unlawful. We dismiss this appeal because we do not have jurisdiction to decide the case. We also conclude that

Mantz has waived his argument because he failed to raise it below and because he has not supported it with cogent reasoning.

We dismiss.

## ISSUE

Whether we have jurisdiction over Mantz's appeal of the post-conviction court's denial of his motion for a ruling, which requested the post-conviction court to rule on his already ruled upon motion for discharge.

## FACTS

On January 30, 2002, the State charged Mantz with Class A felony criminal deviate conduct; Class A felony attempted criminal deviate conduct; and Class B felony aggravated battery. Almost a year later, on January 21, 2003, Mantz pled guilty to one count of Class A felony criminal deviate conduct. In exchange for his guilty plea, the State agreed to dismiss his attempted criminal deviate conduct and aggravated battery charges. On February 4, 2003, the trial court accepted the plea agreement and sentenced Mantz to forty-five (45) years with twenty (20) years suspended.

Subsequently, on May 9, 2012, around nine years later, Mantz filed a *pro se* petition for post-conviction relief in which he argued that: (1) he was not present for the initial hearing where the State filed the charges against him and, as a result, he did not enter into his plea agreement voluntarily and intelligently; (2) the officers arresting him did not read him his *Miranda* rights; (3) the Chronological Case Summary ("CCS") did not indicate that either the State of Indiana or the defense counsel had ever filed an appearance; and (4) he was present at hearings without being represented by counsel. Mantz also requested transcripts for hearings held on January 25, 2002; January 31, 2002;

3

February 2, 2002; February 18, 2002; February 19, 2002; February 21, 2002; February 29, 2002; and January 30, 2004.

On June 20, 2012, the post-conviction court informed Mantz that there had not been any hearings on January 25, 2002; January 31, 2002; February 2, 2002; February 18, 2002; February 19, 2002; or January 30, 2004, and that it was therefore impossible to provide transcripts for those dates. The court did, however, grant Mantz's request for transcripts for the hearings held on February 20 and 21, 2002, as well as for the guilty plea and sentencing hearing held on February 4, 2003.

A month later, on July 19, 2012, Mantz filed his motion for discharge in which he requested that the post-conviction court incorporate an additional argument into his petition for post-conviction relief by interlineation. This additional argument was that the lack of transcripts for the dates Mantz had requested demonstrated that there was no evidence that the trial court had read him his charges and apprised him of his rights, and that the post-conviction court should therefore discharge him from imprisonment because his imprisonment was unlawful.

The post-conviction court denied Mantz's motion for discharge on July 24, 2012, but did not state its reasons for its denial. Several months passed, and Mantz's post-conviction case proceeded. On December 12, 2012, the post-conviction court held a post-conviction relief hearing, at which it referred Mantz to a public defender. The attorneys then participated in an attorneys-only status hearing on February 20, 2013. Subsequently, on April 3, 2013, Mantz filed a motion to proceed *pro se*, which the post-conviction court granted.

4

The next day, Mantz, *pro se*, filed his motion for a ruling on his previously ruled upon motion for discharge that the post-conviction court had already denied. That same day, the post-conviction court denied Mantz's motion. Again, the post-conviction court did not state its reasons for its denial, although in the CCS it noted that it had already addressed the motion for discharge. Mantz now appeals the court's denial of his motion for a ruling.

<u>DECISION</u>

On appeal, Mantz challenges the post-conviction court's denial of his motion for a ruling on his motion for discharge. He appears to argue that, because the trial court did not hold hearings on January 25, 2002; January 31, 2002; February 2, 2002; February 19, 2002; February 18, 2002; or January 30, 2004, the trial court never acquired jurisdiction over him and that his imprisonment, therefore, is unlawful. We dismiss his appeal because we conclude that we do not have jurisdiction over the post-conviction court's denial of his motion for a ruling. Moreover, even if we were to conclude that we do have jurisdiction to hear Mantz's appeal, Mantz has waived his argument because he did not raise it below and because it is not cogent.

With respect to the issue of whether we have jurisdiction over Mantz's appeal, our conclusion is based on the procedural history of Mantz's motion for discharge. Mantz filed his motion for discharge on July 19, 2012, one month after he filed his petition for post-conviction relief. Because the post-conviction court did not state its reasons for denying this motion, we do not know whether the court treated it as a motion to amend his petition for post-conviction relief; as a petition for writ of habeas corpus; or as a

5

successive petition for post-conviction relief.[1]  However, the nature of his motion is immaterial because Mantz failed to act on the post-conviction court's denial order.  His post-conviction case proceeded, and Mantz did not act on the denial for nine months.  When Mantz did act, he did not appeal the post-conviction court's order; instead, he filed a motion for a ruling on the previous motion for discharge.  It is not clear how the post-conviction court treated this renewed motion as, again, the court did not specify its reasons for denying the motion for a ruling.  Regardless, the post-conviction court's denial of Mantz's motion for a ruling is not now appealable.

Rule 5 of the Indiana Appellate Rules establishes the limits of this Court's jurisdiction over appeals.  It provides that we will have jurisdiction over final judgments of circuit, superior, probate, and county courts, with exceptions, as well as over appeals from interlocutory orders and appeals from agency decisions.  Ind. Appellate Rule 5.  A judgment is final if:

> (1) it disposes of all claims as to all parties;
>
> (2) the trial court in writing expressly determines under Trial Rule 54(B) or Trial Rule 56(C) that there is no just reason for delay and in writing expressly directs the entry of judgment (i) under Trial Rule 54(B) as to fewer than all the claims or parties; or (ii) under Trial Rule 56(C) as to fewer than all the issues, claims, or parties;

---

[1] It is possible that the post-conviction court treated the motion as a motion to amend because Mantz "request[ed] the court to incorporate by interlineation this motion for immediate discharge." (App. 93).  It is also possible the post-conviction court treated the motion as a habeas corpus petition because Mantz alleged that he was being unlawfully imprisoned. *See* INDIANA CODE § 34-25.5-1-1 (Every person whose liberty is restrained, under any pretense whatever, may prosecute a writ of habeas corpus to inquire into the cause of the restraint, and shall be delivered from the restraint if the restraint is illegal.").  However, Mantz's reasons for alleging that he was being unlawfully imprisoned constituted attacks on his underlying conviction, and Indiana Post-Conviction Rule 1 provides that a habeas corpus petition challenging the validity of a conviction should be treated as a petition for post-conviction relief.  Here, Mantz had already filed a petition for post-conviction relief, and successive petitions are not allowed without permission of our court. *See* P-C.R. 1(12).

6

(3) it is deemed final under Trial Rule 60(C);

(4) it is a ruling on either a mandatory or permissive Motion to Correct Error which was timely filed under Trial Rule 59 or Criminal Rule 16; or

(5) it is otherwise deemed final by law.

App. R. 2(H). In cases where a judgment is not final, we have jurisdiction over two categories of interlocutory appeals: interlocutory appeals of right and discretionary interlocutory appeals. *See* App. R. 14. There are eight categories of interlocutory orders that may be appealed as a matter of right, but none of those options apply here. *See* App. R. 14(A). A discretionary appeal may be taken from any other interlocutory order if the trial court certifies the order and this Court accepts jurisdiction over the appeal. App. R. 14(B).

If we consider Mantz's motion for discharge as a final judgment, Mantz only had thirty days to file a motion to correct error or an appeal, which he did not do. *See* Ind. Trial Rule 59; App. R. 9. Even if we consider his motion for a ruling as a motion to correct error, it was untimely, as Mantz filed the motion for a ruling months after the post-conviction court's denial. If we instead equate Mantz's motion for discharge with a motion to amend his petition for post-conviction relief, the post-conviction court's denial was not a final judgment because it did not meet any of the criteria for a final judgment as specified above. Nor was it an appeal of an interlocutory order from which an appeal is a matter of right under Appellate Rule 14(A). Finally, Mantz did not follow the proper procedure to file a discretionary interlocutory appeal because he did not certify the order or move this Court to accept jurisdiction of the appeal as an interlocutory order. *See* App.

7

R. 14(B). Because Mantz's appeal was not a timely appeal from a final judgment or an interlocutory appeal of right—and because Mantz did not follow the proper procedure to file a discretionary interlocutory appeal—we conclude that we do not have jurisdiction over Mantz's appeal of the post-conviction court's ruling. *See* App. R. 5.

Moreover, even if we were to have jurisdiction, we conclude that Mantz has waived his argument on appeal because he failed to raise it below and because he has failed to support it with cogent reasoning. As to the former, Mantz's argument is different than the arguments he raised in his petition for post-conviction relief and his motion for discharge. Issues not raised in a petition for post-conviction relief may not be raised for the first time on post-conviction appeal. *Koons v. State*, 771 N.E.2d 685, 691 (Ind. Ct. App. 2002), *trans. denied*. A failure to raise an issue in a petition for post-conviction relief results in waiver of that issue on appeal. *See id.* at 691-92.

As to the latter, Mantz does not make a cogent argument on appeal. We must note that even though Mantz filed his petition and appeal *pro se*, such *pro se* litigants without legal training are held to the same standard as trained counsel and are required to follow procedural rules. *Evans v. State*, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), *trans. denied*. Indiana Appellate Rule 46(A)(8)(a) requires an appellant's arguments on appeal to be supported by cogent reasoning, as well as citations to relevant authorities, statutes, pages of the appendix, and pages of the record on which the appellant is relying. Here, it is not clear what Mantz is arguing. He appears to argue that the trial court did not have jurisdiction because it did not hold hearings on various days, but he does not explain why—in terms of the record or legal authority—hearings were required on those days.

8

Nor does he clarify why a failure to hold such hearings deprived the post-conviction court of jurisdiction over his case. Accordingly, we conclude that Mantz has waived his claims by failing to support them with a cogent argument.

Dismissed.

FRIEDLANDER, J., and MATHIAS, J., concur.