Karl MOODY, Appellant–Petitioner,

v.

STATE of Indiana, Appellee–Respondent.

No. 45A03–0008–PC–270.

Court of Appeals of Indiana.

May 14, 2001.

Transfer Denied August 9, 2001.

Susan K. Carpenter, Public Defender of Indiana, William D. Polansky, Deputy Public Defender, Indianapolis, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, IN, Attorney for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant Defendant, Karl R. Moody (Moody), appeals the denial of his Petition for Post Conviction Relief.

We affirm.

### ISSUE

Moody raises one issue on appeal, which we restate as follows: whether he received ineffective assistance of trial and appellate counsel.

### FACTS AND PROCEDURAL HISTORY

We adopt this court's statement of facts as set forth in *Moody v. State*, No. 45A03–9201–CR–027, slip op. at 2, 597 N.E.2d 394

(Ind.Ct.App. July 8, 1992). The facts are as follows:

> On January 28, 1988, Moody and Dewrell Hobson II were engaged in a basketball game at Lincoln School in Gary, Indiana; an argument concerning the game ensued and Moody fatally shot Hobson. Moody was convicted of murder on July 7, 1989.

*Id.* Moody appealed his conviction challenging whether fundamental error occurred when the trial court failed to *sua sponte* instruct the jury on voluntary manslaughter, and whether he was denied the effective assistance of trial counsel. On July 8, 1992, this court affirmed Moody's conviction.

On May 8, 1998, Moody filed his Petition for Post Conviction Relief. On April 17, 2000, he filed his Amended Petition for Post Conviction Relief. In his Petition, Moody claimed that his trial counsel was ineffective for failing to ask that the jury be instructed on reckless homicide as a lesser included offense of murder. He also claimed that his appellate counsel was ineffective for failing to raise the issue of reckless homicide as a lesser included offense of murder on direct appeal. A hearing was held on June 14, 2000. On the same day, T. Edward Page, Magistrate, made oral findings of fact and conclusions of law, and a recommendation to the post-conviction court judge that Moody's Petition for Post Conviction Relief be denied. The post-conviction court adopted Page's recommendation and denied Moody's Petition. Moody now appeals the post-conviction court's denial of his Petition for Post Conviction Relief.

### DISCUSSION AND DECISION

#### I. Post–Conviction Relief
#### Standard of Review

■ A post-conviction petition under Ind. Post Conviction Rule 1 is a quasi-civil remedy, and, as such, the petitioner bears the burden to prove by a preponderance of the evidence that he or she is entitled to relief. *Mato v. State,* 478 N.E.2d 57, 60 (Ind.1985); Ind. Post Conviction Rule 1(5). On appeal from the denial of a petition for post-conviction relief, we neither reweigh the evidence nor judge the credibility of the witnesses. *Montano v. State,* 649 N.E.2d 1053, 1056 (Ind.Ct.App.1995), *trans. denied.* To prevail on appeal, the petitioner must show that the evidence is without conflict and leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. *Spranger v. State,* 650 N.E.2d 1117, 1119 (Ind.1995), *reh'g denied.* It is only where the evidence is without conflict and leads to but one conclusion, and the post-conviction court has reached the opposite conclusion, that the decision will be disturbed as being contrary to law. *Id.* at 1120.

#### II. Ineffective Assistance of Counsel
#### Standard of Review

■ The standard by which we review claims of ineffective assistance of counsel is well settled. In order to prevail on a claim of this nature, a defendant must satisfy a two prong test: (1) a showing that counsel's performance fell below an objective standard of reasonableness based on prevailing professional norms, and (2) a showing that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *State v. Moore,* 678 N.E.2d 1258, 1261 (Ind.1997), *reh'g denied, cert. denied* (citing *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

■ However, we need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. *Strickland,* 466 U.S.

at 697, 104 S.Ct. 2052. To establish prejudice, Jones must first demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would be different. *Smith v. State*, 689 N.E.2d 1238, 1244 (Ind.1997). Isolated poor strategy or bad tactics do not necessarily amount to ineffective assistance of counsel unless, taken as a whole, the defense was inadequate. *Brown v. State*, 698 N.E.2d 1132, 1139 (Ind.1998), *reh'g denied, cert. denied.* Furthermore, we "will not lightly speculate as to what may or may not have been advantageous trial strategy as counsel should be given deference in choosing a trial strategy which, at the time and under the circumstances, seems best." *Whitener v. State*, 696 N.E.2d 40, 42 (Ind.1998).

### A. *Trial Counsel*

■ Moody argues that he received ineffective assistance of trial counsel. Moody asserts that his trial counsel was ineffective for not tendering a jury instruction on reckless homicide. In his direct appeal, Moody raised ineffective assistance of trial counsel, claiming that his trial counsel was ineffective for not tendering an instruction on voluntary manslaughter.

In *Ben–Yisrayl v. State*, 738 N.E.2d 253, 258 (Ind.2000), our supreme court held:

As a general rule, when this Court decides an issue on direct appeal, the doctrine of *res judicata* applies, thereby precluding its review in post-conviction proceedings. The doctrine of *res judicata* prevents the repetitious litigation of that which is essentially the same dispute. A petitioner for post-conviction relief cannot escape the effect of claim preclusion merely by using different language to phrase an issue and define an alleged error. Issues that were available, but not presented, on direct appeal are forfeited on post-conviction review.

*Id.* (citations omitted). Consequently, the State maintains that because Moody raised ineffective assistance of trial counsel in his direct appeal, it is now *res judicata.*

On the other hand, Moody asserts that his claim of ineffective assistance of trial counsel should not be barred by *res judicata.* In his brief, Moody states:

[Appellate counsel] simply missed the real issue in this case. It is wholly unfair to subject Karl Moody's claim of unfair trial due to trial counsel ineffectiveness to the procedural bars of *res judicata* and waiver based on [appellate counsel's] failure to understand the consequences of raising a claim of ineffective assistance of counsel in the appeal.

(Appellant's Brief at 18).

However, our case law could not be more clear on the issue of ineffective assistance of trial counsel. In *Ben–Yisrayl*, 738 N.E.2d at 259, our supreme court explained:

In *Woods* [*v. State*, 701 N.E.2d 1208 (Ind.1998)], we held that a defendant may raise a claim of ineffective assistance of trial counsel for the first time in a post-conviction proceeding, but we emphasized that once the defendant chooses to raise his claim of ineffective assistance of trial counsel (either on direct appeal or post-conviction), he must raise all issues relating to that claim, whether record-based or otherwise. 701 N.E.2d at 1220. A defendant who chooses to raise on direct appeal a claim of ineffective assistance of trial counsel is foreclosed from relitigating that claim. *Id.*

Additionally, our supreme court has found it to be inconsequential that a defendant's arguments on post-conviction appeal are new arguments about aspects of trial counsel's performance that were not considered on direct appeal. *Id.* A consideration of the ineffectiveness issue would constitute

review of an issue already decided on direct appeal, and, thus, is *res judicata.* *Id.*

Accordingly, we find that *res judicata* bars Moody from relitigating his claim of ineffective assistance of trial counsel on post-conviction appeal.

### B. *Appellate Counsel*

 Moody also argues that he received ineffective assistance of appellate counsel. On direct appeal, Moody's appellate counsel claimed that his trial counsel was ineffective in failing to tender an instruction on voluntary manslaughter. Moody asserts that appellate counsel should have argued that trial counsel was ineffective in failing to tender an instruction on reckless homicide. Because appellate counsel did not make such an argument, Moody maintains that his appellate counsel was ineffective.[1]

At trial, it was undisputed that Moody shot and killed Dewrell Hobson II (Hobson). However, when asked, "[w]hat were your intentions when you fired that gun," Moody testified that "[m]y intentions was to scare him to let him know that I wasn't afraid of him and his cousin, not to shoot him, just to scare him." (T.R. 321). Thus, it was Moody's position that he did shoot and kill Hobson, but it was not intentional.

Ind.Code § 35-42-1-3 provides: "(a) A person who knowingly or intentionally: (1) kills another human being; ... while acting under sudden heat commits voluntary manslaughter, a Class B felony. However, the offense is a Class A felony if it is committed by means of a deadly weapon."

Ind.Code § 35-42-1-5 provides: "A person who recklessly kills another human being commits reckless homicide, a Class C felony."

Keeping in mind that voluntary manslaughter requires a "knowing" or "intentional" act, we agree that Moody's appellate counsel should not have based the ineffective assistance of trial counsel claim on the fact that trial counsel did not tender an instruction on voluntary manslaughter. This court found the same in Moody's direct appeal when we held, "the [trial] court did not err in failing to *sua sponte* instruct the jury on voluntary manslaughter when Moody claimed that the shooting was accidental." *Moody,* No. 45A03–9201–CR–027, slip op. at 3. With reference to his ineffective assistance of trial counsel claim, this court further held that "trial counsel demonstrated a reasonable choice of tactics in declining to request an instruction incompatible with the theory of defense." *Id.* at 4.

As previously stated, in order to prevail on a claim of this nature, a defendant must show that counsel's performance fell below an objective standard of reasonableness based on prevailing professional norms *and* show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Moore,* 678 N.E.2d at 1261. Though we agree that appellate counsel's argument on ineffective assistance of trial counsel was not persuasive, we do not find that, but for appellate counsel's errors, the result of the proceeding would have been different. *See id.*

A jury found Moody guilty of murder. Ind.Code § 35-42-1-1 provides: "[a] person who: (1) knowingly or intentionally kills another human being; ... commits murder, a felony." Therefore, the jury found that Moody "knowing or intentionally" killed another human being. However, Moody would have us believe that:

---

1. The standard for reviewing claims of ineffective assistance of appellate counsel is the same as the standard for reviewing assistance of trial counsel. *Collier v. State,* 572 N.E.2d 1299, 1301 (Ind.Ct.App.1991), *trans. denied.*

Moody was concededly guilty of at least reckless homicide, so the jury was not going to let him off scot free, and not having been instructed on reckless homicide, the jury would have settled on a verdict of guilty of murder even if there was some doubt as to Moody's intent. (Appellant's Brief at 14).

Ind. Const. art. I, § 19 provides: "[i]n all criminal cases whatever, the jury shall have the right to determine the law and the facts." "This provision evidently means that the jury have the right to determine all questions of law applicable to such matters as they are required to consider in making up their verdict, but cannot be rightfully construed to mean that the jury are the sole judges of the law in every respect in a criminal cause." *Anderson v. State,* 104 Ind. 467, 5 N.E. 711, 712 (1886). Additionally, *Anderson* held that:

> It is the duty of the jury to avail themselves of all the opportunities which may be afforded them to ascertain what the law governing the case before them is, and it is their right, after hearing all that may be properly said on the subject, to determine what the law, in that respect, ought to be held to be, and to decide accordingly; but this does not place the jury above the law, or confer upon them the lawful right to decide simply as they "see fit," regardless of all law, as it has been recognized or established by the proper tribunals.

*Id.*

There is absolutely no evidence that the jury disregarded the law and decided as they saw fit. Though Moody maintains that he did not intend to shoot and kill Hobson, it is undisputed that he did, in fact, shoot and kill Hobson. It is further undisputed that prior to Moody shooting and killing Hobson, the two men had been arguing. Additionally, at trial, Dewrell

Hobson, Jr. (Dewrell) testified that he saw Moody point a gun at him and Hobson. Dewrell also testified that once he saw the gun, he told Hobson to "duck" as he saw the shot come out of the gun. (T.R. 203).

While we do find that appellate counsel's argument on ineffective assistance of trial counsel was not persuasive, we do not find that this court would have ruled differently if appellate counsel would have argued that trial counsel was ineffective for failing to tender a jury instruction on reckless homicide as a lesser included offense of murder. *See Moore,* 678 N.E.2d at 1261. As explained above, the evidence was sufficient to find and the jury found that Moody intentionally shot and killed Hobson, and, thus, found him guilty of murder. Therefore, we find that Moody failed to show that the evidence is without conflict and leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. *Spranger,* 650 N.E.2d at 1119.

## CONCLUSION

Based on the foregoing, we conclude that the post-conviction court properly denied Moody's Petition for Post Conviction Relief.

Affirmed.

FRIEDLANDER, J., concurs.

SULLIVAN, J., concurs with opinion.

SULLIVAN, Judge, concurring.

Upon the authority of *Ben–Yisrayl v. State,* 738 N.E.2d 253 (Ind.2000), I concur in the majority opinion with regard to the argument concerning the alleged ineffective assistance of trial counsel. We are precluded from redetermining trial counsel's performance upon a ground other than that asserted upon direct appeal.

With regard to the issue presented as to whether appellate counsel was ineffective, I would not rest the determination upon the majority's conclusion that because the jury found that the shooting was knowing or intentional, the giving of a reckless homicide instruction would not have given rise to a different result. Given the evidence that Moody did not intend to shoot Hobson but only to scare him, it is quite possible, if not probable that the jury would have determined guilt of the lesser offense. The murder verdict demonstrates to me that trial counsel's "all or nothing" tactical decision backfired.[2]

Be that as it may, the very fact that trial counsel's performance was tactical in nature reflects that appellate counsel had no viable argument that trial counsel's performance fell below the standard of reasonable professional representation. Appellate counsel's representation was not ineffective. For this reason, I agree that reversal is not appropriate.

---

**2.** That trial counsel was employing a tactical effort by not tendering a lesser offense instruction is reflected in the earlier memorandum decision that a voluntary manslaughter instruction would have been "incompatible with the theory of defense" that the shooting was accidental.