Cleveland WALKER, Jr., Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 45A05–0105–PC–228.

Court of Appeals of Indiana.

Oct. 4, 2002.

Transfer Denied Jan. 2, 2002.

Susan K. Carpenter, Public Defender of Indiana, Hope Fey, Deputy Public Defender, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Richard C. Webster, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION ON REHEARING**

DARDEN, Judge.

*PETITION FOR REHEARING*

On June 12, 2002, the Court of Appeals, reversing the post-conviction court's denial of Walker's petition for post-conviction relief, issued an opinion addressing whether the trial court tendered a flawed attempted murder instruction, and whether Walker's trial and appellate counsel rendered ineffective assistance. *Walker v. State*, 769 N.E.2d 1162 (Ind.Ct.App.2002). Without addressing Walker's ineffective assistance claims, we focused our attention on Final Instruction Number 13. This instruction attempted to explain the level of intent Walker had to have in order to be convicted of attempted murder as follows:

> It is a *fundamental principle* of law that where two or more persons engage in the commission of an unlawful act, each person *is* criminally responsible for the actions of each other person which were a probable and natural consequence of their common plan even though not intended as part of the original plan. It is not essential that participation of any person to each element of the crime be established.

> Under Indiana Law, "A person who knowingly or intentionally aids, induces, or causes another person to commit an offense commits that offense, even if the other person:

> 1. has not been prosecuted for the offense;
> 2. has not been convicted of the offense; or
> 3. has been acquitted of the offense."

> To aid under the law is to knowingly aid, support, help or assist in the commission of a crime. Mere presence at the scene of the crime and knowledge that a crime is being committed are not sufficient to allow an inference of participation. It is

being present at the time and place, and knowingly doing some act to render aid to the actual perpetrator of the crime. The presence of a person at the scene of the commission of a crime and companionship with another person engaged in the commission of the crime and a course of conduct before and after the offense are circumstances which may be considered in determining whether such person aided and abetted the commission of such crime.

(App. 65) (emphasis added). We found that this instruction created a mandatory presumption violating Walker's due process rights under the Fourteenth Amendment. Because the jurors were instructed to presume the accused non-shooter (Walker) had the same intent as the shooter (Wrencher), we reversed Walker's convictions for both murder and attempted murder.

On July 12, 2002, the State filed its Petition for Rehearing. The State argued that our supreme court recently held it is improper for the Court of Appeals to review a fundamental error claim in a post-conviction proceeding. *Sanders v. State*, 765 N.E.2d 591 (Ind.2002). The court explained that the "fundamental error exception to the contemporaneous objection rule applies to direct appeals. In post-conviction proceedings, complaints that something went awry at trial are generally cognizable only when they show deprivation of the right to effective counsel or issues demonstrably unavailable at the time of trial or direct appeal." *Id.* at 592. The State also argued that Final Instruction Number 13 did not create a mandatory presumption. We grant the State's Petition for Rehearing for the sole purpose of bringing our decision into compliance with *Sanders*.

In our decision below, we did not reach Walker's claims of ineffective assistance of trial and appellate counsel. Walker argued that he received ineffective assistance of counsel because his trial counsel, Daniel Toomey, failed to object, and his appellate counsel did not raise as error, Final Instruction Number 13. Because *Sanders* makes it clear that it was error for us to address the erroneous nature of Final Instruction Number 13 without addressing whether failing to object to it was ineffective assistance of counsel, we do so now.

A petitioner for post-conviction relief bears the burden of proving by a preponderance of the evidence that he or she is entitled to relief. *Moody v. State*, 749 N.E.2d 65 (Ind.Ct.App.2001). "On appeal from the denial of a petition for post-conviction relief, we neither reweigh the evidence nor judge the credibility of the witness." *Id.* at 67. In order to prevail on appeal, the petitioner must show that the evidence is without conflict and leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. *Id.* "It is only where the evidence is without conflict and leads to but one conclusion, and the post-conviction court has reached the opposite conclusion, that the decision will be disturbed as being contrary to law." *Id.* at 67.

A defendant claiming a violation of the right to effective assistance of counsel must show "that (1) performance fell below an objective standard of reasonableness based on prevailing professional norms; and (2) 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine the confidence in the outcome.'" *Lambert v. State*, 743 N.E.2d 719, 730 (Ind.2001) (quoting *Strickland v. Washington*, 466 U.S. 668, 687, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Con-

cerning counsel's performance, we give considerable deference to counsel's discretion in choosing strategy and tactics. *Id.* There is a strong presumption that counsel rendered effective assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* However, "[f]ailure to object to the incorrect instruction cannot be attributed to trial tactics." *Perez v. State,* 748 N.E.2d 853 (Ind.2001).

■ "In order to establish that counsel's failure to object to a jury instruction was ineffective assistance of counsel, [Walker] must first prove that a proper objection would have been sustained." *Lambert,* 743 N.E.2d at 741. In addition, Walker must also show that counsel's failure to object was " 'unreasonable and resulted in sufficient prejudice such that there exists a reasonable probability the outcome would have been different' had counsel leveled an objection." *Id.* (quoting *Potter v. State,* 684 N.E.2d 1127, 1132 (Ind.1997)).

■ We find that a proper objection would definitely have been sustained, and that a reasonable probability exists that the outcome of the trial would have been different had Toomey raised an objection to Final Instruction Number 13. As we noted in *Walker,* 769 N.E.2d 1162, the United States Supreme Court held that the Fourteenth Amendment requires the State to prove every material element of a criminal offense beyond a reasonable doubt, and a jury instruction that shifts the State's burden to the defendant is a Due Process violation. *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979). This constitutional principle "protects the 'fundamental value determination of our society,' given voice in Justice Harlan's concurrence in *Winship,* that 'it is far worse to convict an innocent man than to let a guilty man to go free.' " *Francis v. Franklin,* 471 U.S. 307,

313, 105 S.Ct. 1965, 1970, 85 L.Ed.2d 344 (1985) (quoting *In re Winship,* 397 U.S. 358, 372, 90 S.Ct. 1068, 1077, 25 L.Ed.2d 368 (1970)). The Court has also held:

> A mandatory presumption instructs the jury that it must infer the presumed fact if the State proves certain predicate facts. A permissive inference suggests to the jury a possible conclusion to be drawn if the State proves predicate facts, but does not require the jury to draw that conclusion.

*Francis,* 471 U.S. at 314, 105 S.Ct. 1965; *Geiger,* 721 N.E.2d at 895. "A mandatory rebuttable presumption does not remove the presumed element from the case if the State proves the predicate facts, but it nonetheless relieves the State of the affirmative burden of persuasion on the presumed element by instructing the jury that it must find the presumed element unless the defendant persuades the jury not to make such a finding." *Francis,* 471 U.S. at 317, 105 S.Ct. 1965.

Following the Supreme Court's reasoning, we carefully examined the words in Final Instruction Number 13 to determine how a reasonable juror could have interpreted the instruction. *Sandstrom,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39. Because Final Instruction Number 13 required the jury to presume Walker had the same intent as the shooter (Wrencher), we held that Walker's due process rights had been violated. As a result, the trial court would have been bound by *Sandstrom* and *Francis* to sustain an objection to the instant instruction. *Waggoner v. Feeney,* 44 N.E.2d 499, 220 Ind. 543 (Ind.1942); *Julian v. Beal,* 34 Ind. 371, 1870 WL 3740 (Ind.1870) (Indiana appellate courts must follow the decisions of the United States Supreme Court interpreting the federal Constitution, and trial courts must regard as law decisions of appellate courts). Likewise, had the jury been told that it

was not required to presume Walker had the same intent as Wrencher, there exists a reasonable probability that Walker might not have been convicted of the crime charged.

 Based on this reasoning, we find that Toomey rendered ineffective assistance of counsel because he failed to object to Final Instruction Number 13. Walker's trial began on October 13, 1993. However, *Sandstrom* had been the law of the land since 1979, *Francis* since 1985. Because the failure to object to an incorrect instruction cannot be attributed to trial tactics, Walker has overcome the presumption of effective assistance of counsel. *Perez*, 748 N.E.2d 853. In addition, Toomey's failure to object also prejudiced Walker. As mentioned above, there is a reasonable probability that the result of the trial would have been different had Walker's trial counsel objected. Because of *Sandstrom* and *Francis,* the jury would likely have been told that it was not mandatory to presume Walker had the same intent as Wrencher. Therefore, we find that Walker received ineffective assistance of trial counsel.[1] As a result, our previous order to the post-conviction court still stands. We hereby reverse the post-conviction court, grant Walker's petition for post-conviction relief, and remand to the trial court for a new trial.

MATHIAS and VAIDIK, JJ., concur.

---

1. The standard for reviewing claims of ineffective assistance of appellate counsel is the same as the standard for reviewing assistance of trial counsel. *Moody,* 749 N.E.2d 65. However, because we find Walker received ineffective assistance of trial counsel, we need not address the effectiveness of Walker's appellate counsel.