

**FILED**

May 11 2015, 9:08 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT

Stephen T. Owens
Public Defender of Indiana

Liisi Brien
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Mary K. Davis,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

May 11, 2015

Court of Appeals Case No.
20A03-1411-PC-408

Appeal from the Elkhart Superior
Court; The Honorable George
Biddlecome, Judge;
20D03-1402-PC-2

**May, Judge.**

[1] Mary K. Davis appeals the denial of post-conviction relief.[1]

[2] We reverse.

## Facts and Procedural History

[3] On August 22, 2002, the trial court sentenced Davis to eight years with four years suspended to probation after Davis entered a plea of guilty to Class C felony possession of a handgun following a felony conviction. On February 3, 2005, Davis was released from incarceration.

[4] On February 4, 2009, the State filed a violation of probation petition, alleging Davis did not pay restitution, court costs, and probationary user's fees, while on probation. Davis admitted she had not paid and she did not dispute the amount owed. She indicated she had a pending application for Social Security disability and would be able to pay once she received that income.

[5] From 2009 to 2012 the trial court held eleven status hearings regarding Davis' ability to pay. At a compliance hearing on June 9, 2011, Davis requested pauper counsel and counsel was appointed. On August 1, 2011, the State filed a supplemental violation of probation petition, alleging Davis failed a drug test

---

[1] Davis also argues on appeal that restitution was improperly calculated as part of the civil judgment stemming from her 2009 probation violation. As she did not present this argument before the post-conviction court, it is now unavailable on appeal. *See Taylor v. State*, 710 N.E.2d 921, 923 (Ind. 1999) (appellant is limited to the specific grounds asserted before the trial court regarding an issue and cannot raise new arguments on appeal).

in July 2011. The court continued its determination of that matter until January 5, 2012.

[6] On December 23, 2011, the State charged Davis with Class C felony possession of a firearm by a serious violent felon and Class D felony identity deception. Davis did not appear for the January 5, 2012 hearing because she was incarcerated on the December 23 charges, and the trial court set the matter for a status conference on February 9, 2012. On January 10, 2012, the State filed a supplemental violation of probation petition alleging Davis violated her probation by committing new criminal offenses.

[7] After a series of continuances, the trial court held a preliminary hearing on the State's allegations that Davis violated probation by testing positive for marijuana and committing new crimes on May 17, 2012. At that hearing, Davis' counsel indicated Davis wished to admit the probation violation. The trial court found Davis violated her probation by committing a new criminal offense. On June 28, 2012, the trial court reduced Davis' financial obligations that had been at issue since 2009 to a civil judgment and ordered her to serve the four year suspended sentence.

[8] On April 1, 2013, Davis filed a *pro se* motion to set aside probation, and the trial court denied her motion on April 15. On February 11, 2014, Davis filed a *pro se* petition for post-conviction relief. On May 12, Davis, by counsel, amended her petition, alleging her probation revocation counsel was ineffective because counsel did not object to the "unlawful revocation of her probation based on

commission of new criminal offenses that occurred after her probationary term had expired." (Br. of Appellant at 7.)

[9] The post-conviction court held a hearing at which Davis presented testimony from her probation officer and probation revocation counsel. On November 7, 2014, the post-conviction court denied Davis' petition. Davis appealed and filed a motion to expedite the appeal.

[10] We granted Davis' motion to expedite appeal and ordered her immediate release pending resolution of this appeal.

## Discussion and Decision

[11] When reviewing a denial of post-conviction relief, we do not reweigh evidence or judge credibility of witnesses. *Moody v. State*, 749 N.E.2d 65, 67 (Ind. Ct. App. 2001), *trans. denied*. To prevail on appeal, the petitioner must show "the evidence is without conflict and leads unerringly and unmistakably to a conclusion opposite" that reached by the post-conviction court. *Id*. "It is only where the evidence is without conflict and leads to but one conclusion, and the post-conviction court has reached the opposite conclusion, that the decision will be disturbed as being contrary to law." *Id*.

[12] The post-conviction court denied Davis' petition for post-conviction relief, finding and concluding:

> 37. Petitioner first contends that the Probation Department did not have authority to file a Violation of Probation Petition on February 4, 2009, because her term of probation expired on

February 3, 2009, exactly four (4) years after her actual release from prison. Petitioner, however, did not report to probation or sign her Terms of Probation until February 14, 2009.[2] To find that the release from IDOC operates to begin a probation term would result in the possibility that a person could simply never report to probation and avoid the probation process entirely, until the probationary term had elapsed. This clearly thwarts the intent and purpose of probation.

38. Even if her term of probation expired on February 3, 2009, Ind. Code § 35-38-2-3(a)(2) allows a probation department to file a petition to revoke probation up to one year after the end of the probationary period. Therefore, the filing of the Violation of Probation Petition in this case was timely.

39. Petitioner also claims that the court was without jurisdiction to revoke her probation on the basis that she committed a new criminal offense because she committed that new offense after her probationary term had expired. Contrary to Petitioner's opinion, however, she committed the new criminal offense while still on probation.

40. Ind. Code § 35-38-2-3(c) states that the period of probation is tolled in certain circumstances. By its own terms, the statute does not suspend the conditions of probation, rather it affects the time a probationer will ultimately remain and serve on probation. When a petition is filed charging a violation of a condition of probation, and the court orders [a] summons or bench warrant, the issuance of that summons or bench warrant tolls the period of probation until the final determination of the charge. Id. at 538.[3] [sic] A probationer remains on probation and is subject to the conditions of his probation while the period is tolled. A disposition regarding a violation of probation may occur after the term of probation has expired, so long as the violation occurred within the original term of probation. *Dawson v. State*, 751 N.E.2d 812, 814 (Ind. Ct. App.

---

[2] This date should be February 14, 2005.

[3] It is not clear to which decision or other authority this citation refers.

2001). If a probationer is found to have violated probation during the original term as alleged in the petition, the time between the petition's filing and its disposition extends the term of probation in which the defendant may commit acts which constitute further violations of her terms of probation which can be used to revoke probation. Id. at 814. See also, Perry v. State, 642 N.E.2d 536, 538 (Ind. Ct. App. 1994).

41. In the instant case, Petitioner's probation expiration time was tolled on February 4, 2009, with the filing of the Violation of Probation Petition alleging that Petitioner had violated the terms of her probation for nonpayment of court costs, restitution, and probation user fees. At the violation hearing held on March 5, 2009, Petitioner admitted the violation and did not dispute the court's figures.

42. While Petitioner is correct that the court never actually extended her probation, it did continue to schedule review hearings to provide Petitioner the opportunity to establish whether she was receiving Social Security disability payments in order to be in compliance with the court's order at the dispositional hearing on the violation that she pay the judgement [sic] in the amount of $3,853.00 for costs, restitution and user fees. These hearing [sic] were held on July 2, 2009; October 29, 2009; April 8, 2010; August 5, 2010; October 14, 2010; January 20, 2011; February 17, 2011; April 21, 2011; May 5, 2011; June 9, 2011; August 1, 2011; and January 11, 2012. Throughout the duration of that time, not only was Petitioner still subject to the conditions of probation in the instant case, she was also on probation in Cause No. 20D03-0010-CF-00144. Also, during that time, Supplements to the original Violation of Probation Petition were filed informing the court that Petitioner had new criminal charges pending in Elkhart Superior Court No. 1. Because the expiration of Petitioner's probation was tolled from the date of the Violation of Probation Petition filed on February 4, 2009, she was still on probation when the new criminal charges were filed. Therefore, the court clearly had jurisdiction to revoke her probation based on the commission of a new criminal offense as Petitioner was still bound by the terms of her probation.

(App. at 62-64) (footnotes added).

[13] Certain of the post-conviction court's findings and conclusions were error. The post-conviction court found Davis' probationary period ended on February 14, 2009, based on evidence Davis signed the terms of her probation on February 14, 2005, but "a defendant's 'probationary period' begins immediately after sentencing." *Crump v. State*, 740 N.E.2d 564, 568 (Ind. Ct. App. 2000), *trans. denied*. Therefore, Davis' probationary period began when she was released from incarceration on February 3, 2009.

[14] The remainder of the post-conviction court's findings and conclusions are premised on the erroneous determination Davis' probationary period began February 14, 2005, and ended February 14, 2009. For example, the court concluded Davis' probationary period was tolled when the State filed its notice of violation on February 4, 2009. However, tolling does not apply to violations filed after the probationary period ends. *See* Ind. Code § 35-38-2-3(b)-(c) (when a notice of violation of probation is filed, the court may either order a summons for the defendant to appear or order a warrant for the defendant's arrest if there is a risk of the person fleeing the jurisdiction or harming others; "[t]he issuance of a summons or warrant tolls the period of probation until the final determination of the charge."). The State's notice of violation was filed on the day Davis' probation ended such that there was no period of probation to be tolled, which means the trial court could not continue her terms of probation pursuant to Ind. Code § 35-38-2-3(c).

As the post-conviction's findings and conclusions were contrary to law, we reverse the denial of post-conviction relief, which subsequently reverses the trial court's revocation of probation. Therefore, Davis should not be returned to incarceration as part of this matter.

Reversed.

Robb, J., and Mathias, J., concur.