## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 15 2019, 10:54 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT, PRO SE

Todd Daniels
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Todd Daniels,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | August 15, 2019<br><br>Court of Appeals Case No.<br>19A-PC-388<br><br>Appeal from the Ripley Circuit Court<br><br>The Honorable Jeffrey L. Sharp, Special Judge<br><br>Trial Court Cause No.<br>69C01-1710-PC-1 |

**Pyle, Judge.**

# Case Summary

Daniels appeals pro se the denial of his post-conviction petition. He argues that the post-conviction court erred when it determined that his trial counsel was not ineffective. Concluding that the post-conviction court did not err, we affirm the denial of Daniels' petition.

# Issue

Whether the post-conviction court erred in denying Daniels' petition for post-conviction relief.

# Facts

In August 2002, a jury convicted Daniels of three counts of Class A felony child molesting, five counts of Class B felony and one count of Class C felony incest, and one count of Class B felony sexual misconduct with a minor. The trial court sentenced him to an aggregate sixty (60) year sentence, and this Court affirmed his convictions and sentence on direct appeal. *See Daniels v. State*, Cause Number 69A05-0210-CR-524 (July 9, 2003).

In October 2017, Daniels filed a pro se petition for post-conviction relief wherein he argued that he had received ineffective assistance of trial counsel. Specifically, he contended that his trial counsel "was ineffective for failing to present [him] with a plea offer made by the State." (App. Vol. 2 at 12). Daniels further explained that he had discovered the plea offer while reading through the Record of Proceedings and his attorney-client file in preparation for filing his post-conviction petition. According to Daniels, if trial counsel had

"presented the offer to [] Daniels and offered sound advice regarding the mounting evidence, he surely would have accepted the plea agreement," which would have allowed him to plead guilty to one count of Class B felony incest and one count of Class C felony incest. (App. Vol. 2 at 13).

[3] At the April 2018 post-conviction hearing, Daniels' trial counsel, John Kellerman II ("Kellerman"), who had been a licensed Indiana attorney since 1993, testified that he knew that the prosecutor's office had sent him a plea offer. He did not specifically remember showing the offer to Daniels. However, Kellerman explained that when he received plea offers from the prosecutor's office, he considered them to be formal offers and that it was his common practice to present them to his clients. He had no reason to believe that he had not followed his practice in this case and presented the offer to Daniels. Kellerman also testified that he "had had multiple conversations with [Daniels] about [Daniels'] intentions in this case." (Tr. Vol. 2 at 12). According to Kellerman, Daniels had "made it very plain to [him], on all of the occasions, that he was innocent and that he was maintaining his innocence and that since he wasn't guilty of anything, he was going to be vindicated." (Tr. Vol. 2 at 12).

[4] Daniels testified that Kellerman had never communicated the plea offer to him and that he would have accepted it "given the evidence that was mounting." (Tr. Vol. 2 at 15). He also testified that "it was [his] intention throughout the entirety of the proceedings to plead not guilty." (Tr. Vol. 2 at 18).

[5] Following the hearing, the post-conviction court gave the parties thirty days in which to file proposed findings and conclusions. The State filed its proposed findings and conclusions on May 10, 2018, the thirtieth day after the hearing. The following day, the post-conviction court issued its findings and conclusions denying Daniels' petition.

[6] In June 2018, Daniels filed a motion to correct error wherein he alleged that although his proposed findings had not been file-stamped by the Clerk of the Court until May 14, 2018, three days after the post-conviction court had issued its findings, he had signed and dated the Certificate of Service on his proposed findings on May 7, 2018. He asked the trial court to grant his motion based on the prison mailbox rule, review his proposed findings and conclusions, and issue a new order.

[7] In response to Daniels' motion, in June 2018, the post-conviction court vacated its prior order denying Daniels relief to allow it to review his proposed findings. In January 2019, the post-conviction court issued findings of fact and conclusions of law denying Daniels' petition. Specifically, the post-conviction court, which adopted the State's proposed findings, concluded as follows:

> 12. Based on [Daniels] unfettered insistence that he wanted a trial, his statements to [Kellerman] that he was going to be vindicated, and [Kellerman's] testimony that he has no reason to believe he did not present the plea offer just as he has as a matter of course in all of his criminal cases, the Court does not find [Daniels'] testimony to be credible that he was not informed of the plea agreement.

(App. Vol. 2 at 92-93). Daniels appeals the denial of his petition.

# Decision

[8] At the outset, we note that Daniels proceeds pro se. A litigant who proceeds pro se is held to the same rules of procedure that trained counsel is bound to follow. *Smith v. Donahue*, 907 N.E.2d 553, 555 (Ind. Ct. App. 2009), *trans. denied, cert. dismissed*. One risk a litigant takes when he proceeds *pro se* is that he will not know how to accomplish all the things an attorney would know how to accomplish. *Id.* When a party elects to represent himself, there is no reason for us to indulge in any benevolent presumption on his behalf or to waive any rule for the orderly and proper conduct of his appeal. *Foley v. Mannor*, 844 N.E.2d 494, 502 (Ind. Ct. App. 2006).

[9] Daniels argues that the post-conviction court erred when it determined that his trial counsel was not ineffective.[1] A defendant who has exhausted the direct

---

[1] Daniels also argues that the post-conviction court erred when it adopted the State's findings. However, the Indiana Supreme Court has observed that "[i]t is not uncommon for a trial court to enter findings that are verbatim reproductions of submissions of the prevailing party." *Prowell v. State*, 741 N.E.2d 704, 708 (Ind. 2001). This is because "[t]he trial courts of this state are faced with an enormous volume of cases and few have the law clerks and other resources that would be available in a more perfect world to help craft more elegant trial court findings and legal reasoning." *Id.* The need to keep the docket moving is a high priority for our trial bench. *Id.* at 709. For these reasons, the practice of adopting a party's proposed findings is not prohibited. *Id.* Although we by no means encourage the wholesale adoption of a party's findings and conclusions, where, as here, the issues in the case turn more on the credibility of the witnesses and less on the inferences to be drawn from the facts and the legal effect of essentially unchallenged testimony, we have more confidence that the findings reflect the considered judgment of the trial court. *See id.* We find no error in the post-conviction court's adoption of the State's findings and conclusions. In addition, Daniels' argument that the post-conviction court "acted rashly and hastily when it denied [Daniels] petition in one day" also fails. (Daniels' Br. 15). Although the post-conviction court initially issued its findings and conclusions the day after receiving the State's findings and conclusions, the post-conviction court later vacated that order to allow itself the opportunity to review Daniels' proposed findings. The final order

appeal process may challenge the correctness of his conviction and sentence by filing a post-conviction petition. *Parish v. State,* 838 N.E.2d 495, 499 (Ind. Ct. App. 2005), *trans. denied*. Post-conviction procedures do not provide an opportunity for a super appeal. *Id.* Rather, they create a narrow remedy for subsequent collateral challenges to convictions that must be based on grounds enumerated in the post-conviction rules. *Id.* Post-conviction proceedings are civil proceedings, and a defendant must establish his claims by a preponderance of the evidence. *Id.*

[10] In reviewing the judgment of a post-conviction court, this Court considers only the evidence and reasonable inferences supporting its judgment. *Hall v. State,* 849 N.E.2d 466, 468 (Ind. 2006). The post-conviction court is the sole judge of the evidence and the credibility of witnesses. *Id.* at 468-69. To prevail on appeal from the denial of post-conviction relief, the petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. *Id.* at 469. Only where the evidence is without conflict and leads to but one conclusion, and the post-conviction court has reached the opposite conclusion, will the court's findings or conclusions be disturbed as being contrary to law. *Id.*

[11] Daniels argues that the post-conviction court erred when it determined that his trial counsel was not ineffective. We review claims of ineffective assistance of

---

denying Daniels' petition was issued more than six months later. Lastly, we agree with the State that Daniels' "claims of factual error in the adopted findings are either incorrect or immaterial." (State's Br. 14).

trial counsel under the two-prong test established in *Strickland v. Washington,* 466 U.S. 668 (1984). The defendant must show that trial counsel's performance fell below an objective standard of reasonableness based on prevailing professional norms and that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Moody v. State,* 749 N.E.2d 65, 67 (Ind. Ct. App. 2001), *trans. denied.*

[12] Counsel is afforded considerable discretion in choosing strategy and tactics, and we will accord those decisions deference on appeal. *Wrinkles v. State,* 749 N.E.2d 1179, 1195 (Ind. 2001), *cert. denied.* Counsel's performance is presumed effective, and a defendant must offer strong and convincing evidence to overcome this presumption. *Smith v. State,* 822 N.E.2d 193, 202 (Ind. Ct. App. 2005), *trans. denied.* We will not speculate as to what may or may not have been advantageous trial strategy as counsel should be given deference in choosing a trial strategy which, at the time and under the circumstances, seems best. *Whitener v. State,* 696 N.E.2d 40, 42 (Ind. 1998).

[13] Here, Daniels contends that he is entitled to post-conviction relief because his trial counsel was ineffective for failing to communicate a plea offer to him. Failure to communicate a plea offer is deficient performance that falls below an objective standard of reasonableness. *Woods v. State*, 48 N.E.3d 374, 381 (Ind. Ct. App. 2015) (citing *Missouri v. Frye*, 566 U.S. 134, 145 (2012)). Here, however, the only evidence that supports Daniels' claim is his self-serving testimony that Kellerman did not communicate the plea offer to him. On the other hand, Kellerman testified that although he did not specifically remember

showing the offer to Daniels, it was his common practice to present such offers to his clients. He further had no reason to believe that he had not followed his practice in this case. Kellerman also testified that he had had many conversations with Daniels about the case, and Daniels had made it very clear that he planned to maintain his innocence because he was not guilty of any crimes. Even Daniels testified that it had been his intention throughout the case to plead not guilty. Daniels has failed to carry his burden to show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. His argument simply asks this Court to reweigh the evidence, which we cannot do. *See Hall*, 849 N.E.2d at 468.

[14] Affirmed.

Riley, J., and Bailey, J., concur.